UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:18-CV-00034-TBR-LLK

HOBART WHITE as Administrator of
the Estate of Cladie Hollis, Deceased                    PLAINTIFF

v.

WAL-MART STORES EAST, L.P.                              DEFENDANT

## OPINION AND ORDER

Judge Greg N. Stivers referred this matter to Magistrate Judge Lanny King for resolution of all litigation planning issues, entry of scheduling orders, consideration of amendments thereto, and resolution of all non-dispositive matters, including discovery issues. (Docket # 4). This matter was reassigned to Senior Judge Thomas B. Russell. (Docket # 11). Defendant Wal-Mart Stores East, L.P. ("Wal-Mart") filed this Motion to Quash Federal Rule of Civil Procedure Deposition Notice or to Stay Discovery. (Docket # 22). Plaintiff Hobart White[1] ("Plaintiff") filed his opposition and Wal-Mart filed its Reply. (Docket # 28, 29). This matter is ripe for adjudication. For the reasons set forth below, Wal-Mart's Motion to Quash Federal Rule of Civil Procedure Deposition Notice or to Stay Discovery is granted in part and denied in part. (Docket # 22).

### Background

This matter arises from an alleged slip and fall on the property of Wal-Mart stores. The parties have exchanged written discovery, and the fact discovery period closed on August 30, 2018 (Docket # 10). On August 17, 2018, Plaintiff filed Notice of its Rule 30(b)(6) deposition, which was scheduled to take place on August 20, 2018. (Docket # 16). The initial 30(b)(6) deposition notice listed 34 areas of inquiry and 14 document requests. (*Id*.). On August 17, 2018, Magistrate

---

[1] Hobart White is the administrator of the Estate of Cladie Hollis, the woman who allegedly slipped and fell on the property of Wal-Mart's stores.

Judge King held a telephonic conference and granted Wal-Mart's oral motion to quash the 30(b)(6) deposition notice for August 20, 2018. (Docket # 18). In light of the discovery deadline on August 30, 2018 (Docket # 10), Magistrate Judge King granted Plaintiff leave to file a renewed 30(b)(6) deposition notice but required Plaintiff to limit the matters of examination to those with supporting authority. (*Id.*). On August 24, 2018, Plaintiff filed his renewed 30(b)(6) Notice, which listed eighteen areas of inquiry and five document requests. (Docket # 19). On September 4, 2018, Magistrate Judge King held a telephonic status conference to discuss Plaintiff's renewed 30(b)(6) deposition notice. (Docket # 26). During the conference, Plaintiff narrowed his deposition topics to the following areas of inquiry: 1, 2, 4, 5, 6, 7, and 8. (*Id.*). Plaintiff withdrew the other areas of inquiry. (*Id.*). Plaintiff also narrowed his document requests to items to 1 and 3 and withdrew the other items. (*Id.*).

Defendant still objects to the narrowed deposition notice and asks the Court to order that Plaintiff's 30(b)(6) Deposition Notice of August 24, 2018, be quashed or, in the alternative, that all discovery be stayed until Defendant files a motion for summary judgment. In Response to the Motion to Quash, Plaintiff limited his deposition topics to areas of inquiry 1, 2, 4, 5, 6, 7, and 8, and his document request to the first item.

Wal-Mart's basis for quashing the 30(b)(6) deposition is a two-fold. First, Wal-Mart contends that it has already provided the requested information by other means. Wal-Mart asserts that the taking of the noticed deposition would be unreasonably cumulative or duplicative, disproportionate, oppressive, burdensome, and harassing. Second, Wal-Mart contends that there is a clearly presented legal issue upon which the case may be resolved on summary judgment. Wal-Mart asserts that even responding to all of the areas of inquiry in the 30(b)(6) deposition notice will not support Plaintiff's claim and belief that Ms. Hollis is not the person in the video that Wal-

Mart provided. Thus, Wal-Mart also argues that discovery should be stayed and Wal-Mart should be allowed to file a motion for summary judgment.

Plaintiff's overarching argument is that the two fact witnesses that Wal-Mart provided do not bind the corporation the same way that a 30(b)(6) corporate representative can. Additionally, Plaintiff argues that the answers provided during Wal-Mart's fact-witness depositions regarding video creation, retention and destruction policies were insufficient because the fact-witnesses either did not know any answer to the questions or did not provide enough detailed answers to the questions.

**Legal Analysis**

Rule 26(b)(1) of the Federal Rules of Civil Procedure guides the evaluation of any discovery request. Rule 26(b) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case...." FED. R. CIV. P. 26(b)(1). In assessing whether the discovery is "proportional to the needs of the case," courts should consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*; Advisory Committee Notes 2015 Amendment. The Rule also directs that "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." *Id.*

Rule 26(b)(2) addresses limitations on the frequency and extent of discovery. *See* FED. R. CIV. P. 26(b)(2). Subpart (b)(2)(A) provides courts with the discretion to alter the limits in Rule 30 on the number and length of depositions, and the limits in Rules 34 and 36 on the number of interrogatories and requests for admissions. FED. R. CIV. P. 26(b)(2)(A). Subpart (b)(2)(C)

provides courts with the discretion to limit the frequency or extent of discovery. Specifically, Rule 26(b)(2)(C) reads as follows:

> (C) When Required. On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

FED. R. CIV. P. 26(b)(2)(C). Rule 30 addresses depositions by oral examination. Subpart (b)(6) sets forth the substantive rule that applies to depositions of corporate representatives. Specifically, Rule 30(b)(6) reads as follows:

> (6) Notice or Subpoena Directed to an Organization. In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. A subpoena must advise a nonparty organization of its duty to make this designation. The persons designated must testify about information known or reasonably available to the organization. This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.

FED. R. CIV. P. 30(b)(6).

The testimony of a Rule 30(b)(6) witness represents the knowledge of the corporation, not the individual witness, and thus the testimony of a Rule 30(b)(6) witness is different from that of a "mere corporate employee"; the Rule 30(b)(6) witness does not give his own personal opinions but instead presents the corporation's "position" on the topic. *Schall v. Suzuki Motor of Am., Inc.*, No. 4:14CV-00074-JHM, 2017 WL 4050319, at *5 (W.D. Ky. Sep. 13, 2017) (quoting *Richardson v. Rock City Mech. Co., LLC*, 2010 WL 711830, at *6 (M.D. Tenn. Feb. 24, 2010) (citation omitted)); *see also Jecker v. Monumental Life Ins. Co.*, No. 3:12-CV-219-S, 2014 WL 4063568, at *1 (W.D. Ky. Aug. 14, 2014). When a corporation is served with a notice of a Rule 30(b)(6)

4

deposition, it is obligated to produce a witness or witnesses knowledgeable about the subject or subjects described in the notice and to prepare the witness or witnesses to testify not simply to their own knowledge, but the knowledge of the corporation. *Pogue v. Northwestern Mut. Life Ins. Co.*, No. No. 3:14-CV-598-CRS, 2017 WL 3044763, at *8 (W.D. Ky. July 18, 2017) (citations omitted). A Rule 30(b)(6) designee must be educated and gain the requested knowledge to the extent that it is reasonably available to the corporation. *Id*. (citations omitted). Thus, such a designee has a duty to reasonably obtain information from corporate documents, current or prior corporate employees, or any other sources reasonably available to the corporation. *Id*. (citations omitted). Notably, a Rule 30(b)(6) witness is not expected to perform with absolute perfection, and the inability of such a witness to answer every question on a particular topic does not necessarily mean that the corporation failed to comply with its obligations under the Rule. *Id*. (citations omitted).

Rule 45 of the Federal Rules of Civil Procedure governs motions to quash subpoenas. Courts must quash or modify subpoenas that "subject[ ] a person to undue burden." FED. R. CIV. P. 45(c)(3)(A)(iv). The burden of persuasion in a motion to quash a subpoena is borne by the movant. *Phillips v. Philip Morris Cos.*, 2013 WL 2297079, at *1 (N.D. Ohio May 24, 2013), *objections overruled in part and sustained in part by* 2013 WL 3291516 (June 28, 2013) (citations omitted). However, because of the liberal discovery principles of the Federal Rules, the movant carries a "heavy burden" in showing why a deposition should not move forward. *See Willis v. Big Lots, Inc.*, No. 2:12-cv-604, 2017 WL 2608690, at *2 (S.D. Ohio June 16, 2017); *Libertarian Party of Ohio v. Husted*, 302 F.R.D. 472, 476 (S.D. Ohio 2014).

*Areas of Inquiry*

For Area of Inquiry Nos. 1 and 2, Plaintiff seeks the corporate representative to testify to Wal-Mart's response/objection to Plaintiff's Complaint, and specifically, to Plaintiff's fall in the Wal-Mart store. (Docket # 22-1, Notice of Rule 30(b)(6) Deposition). Wal-Mart responds that the video, and the deposition testimony of Jeremiah Johnson ("Johnson") and Lindsey Hughes ("Hughes") contain the evidence that is the basis for Wal-Mart's denial of negligence and support its position on Plaintiff's fall. Wal-Mart also contends that it has already provided to Plaintiff its complete response to the allegations of fact contained in the Complaint and produced the evidence upon which it will rely. Conversely, Plaintiff argues that he is entitled to determine the official position of Wal-Mart from a representative with the power to bind the corporation. For example, Plaintiff argues that Johnson and Hughes were deposed as fact witnesses rather than 30(b)(6) representatives, and as fact witnesses, their testimony represents their own personal opinions as Wal-Mart employees rather than the corporation's "position." *See Schall v. Suzuki Motor of Am., Inc.*, 2017 WL 4050319, at *2-3 (W.D. Ky. Sep. 13, 2017).

Wal-Mart has met its burden in showing that preparing a 30(b)(6) corporate representative to prepare and testify to these two inquiries is unreasonably duplicative and cumulative. In this case, the record is fully developed with regards to Wal-Mart's objections to Plaintiff's allegations concerning Ms. Hollis' alleged fall. Further, Wal-Mart has provided all of the evidence that they believe will address those inquiries. In support of its Motion to Quash, Wal-Mart has attached its copy of the video of the alleged fall (Docket # 22-2), Johnson's deposition testimony (Docket # 22-3), Hughes' deposition testimony (Docket # 22-4), Wal-Mart's Customer Incident Report (Docket # 22-5), Wal-Mart's Incident Report (Docket # 22-6), and Wal-Mart's Answers and

Responses to Plaintiff's Interrogatories and Requests for Production (Docket # 22-10). Therefore, Wal-Mart's requests to quash Area of Inquiry Nos. 1 and 2 are GRANTED.

For Area of Inquiry Nos. 4, 5, 6, and 7, Plaintiff seeks the corporate representative to testify about all video recording systems that were on the premises on the date of Plaintiff's fall, as well as the creation, destruction, and retention of all video recordings that were made on the premises on the date of Plaintiff's fall. (Docket # 22-1, Notice of Rule 30(b)(6) Deposition). Unlike Area of Inquiry Nos. 1 and 2, Wal-Mart has not met its burden in showing that preparing a 30(b)(6) corporate representative to prepare and testify to inquiries 4, 5, 6, and 7, is unreasonably duplicative and cumulative. For these inquiries, Plaintiff is aiming for testimony that is both relevant and not developed in the record.

Specifically, for Area of Inquiry No. 4, Plaintiff would like Wal-Mart's corporate representative to answer questions regarding the number of cameras within the store and whether any cameras were removed. Plaintiff contests that the video footage provided does not include Ms. Hollis' fall. Plaintiff asserts that he has an opportunity for spoliation instruction or the discovery of unforeseen but admissible evidence if Ms. Hollis was captured on video in other areas of the store and that footage was erased while in the sole possession of Wal-Mart. Wal-Mart responds that this information will not provide anything or any evidence that would be relevant because the only video available is the video that has already been produced. Plaintiff reasserts that he is contesting that the video is a video of Ms. Hollis and argues that neither of the fact witnesses provided adequate information regarding this area of inquiry. For example, in response to questions regarding the number of video cameras in Wal-Mart's store at the time of Plaintiff's alleged fall, Hughes testified that she did not know the specific number of video cameras but that she knew that Wal-Mart had gotten rid of some. (*See* Docket # 22-2; 18:11-19:16).

Plaintiff also argues that the testimony from the fact-witnesses is inadequate to answer reasonable and discoverable questions under the other areas of inquiry: 1) The destruction of any video recordings that were made on the premises on the date Plaintiff fell on the premises; 2) The basis on which that footage is considered irrelevant; and 3) Who at Claims Management Incorporated, a Wal-Mart self-insured counterpart, determines "relevancy" of video footage regarding a fall. Plaintiff asserts that these issues have not been addressed. For example, Lindsey Hughes, asset protection assistant store manager for Wal-Mart, testified that although she was familiar with Wal-Mart's video retention policies, she was not trained on them, she did not know who formulated them, and she did not know who was responsible for instructing employees on them. (*See* Docket # 22-4, Hughes Dep. Tr., 12:11-14). Additionally, Hughes testified that Claims Management Incorporated specifies which video footage to retain and assigns a different adjuster to each claim. (*Id.*). In response, Wal-Mart points to its discovery responses and depositions for its position that the only video it obtained for this case was the video that it has already produced to Plaintiff. (*See* Docket # 22-10, p. 5, ¶ 11(d)). Wal-Mart asserts that any other video of Ms. Hollis was recorded over after approximately thirty days. (*See* Docket # 22-2; Docket # 22-10, p. 5, ¶ 11(d)).

A review of Hughes' deposition excerpts shows that she is unfamiliar with how or why Wal-Mart retains certain aspects of some incidents rather than others. Although Hughes' testimony as a fact witness may provide an adequate basis to develop a working understanding about Wal-Mart's broader policy of only preserving video footage for an hour prior to and an hour after an incident[2], deposing a Rule 30(b)(6) witness will provide Plaintiff with the ability to tailor probing

---

[2] Q: Okay. What length of video footage do you preserve prior to an incident when preserving the video footage of the incident?
A: An hour before and an hour after. (*See* Docket # 22-4, Hughes Dep. Tr., 15:7-10).

8

questions in response to the fact witness' answers to previous questions. *See Schall v. Suzuki Motor of Am., Inc.*, 2017 WL 4050319, at *7 (W.D. Ky. Sep. 13, 2017). Moreover, as explained above, Hughes was only speaking as a corporate employee. Plaintiff is entitled to testimony from a Rule 30(b)(6) witness who is educated about this material and speaks on behalf of Wal-Mart. *See Schall*, 2017 WL 4050319, at *2-3. Therefore, Wal-Mart's requests to quash Area of Inquiry Nos. 4, 5, 6, and 7 are DENIED.

For Area of Inquiry No. 8, Plaintiff seeks the corporate representative to testify about Wal-Mart's policies applicable to video creation, destruction, and retention at the time of Plaintiff's fall on the premises. (Docket # 22-1, Notice of Rule 30(b)(6) Deposition). Wal-Mart argues that its fact witnesses have testified that Wal-Mart's policy in the event of a customer incident caught on video is to retain "relevant" video including an hour before and an hour after the incident. (*See* Docket # 22-4, Hughes Dep. Tr., 15:7-10). Plaintiff responds that these issues were not addressed by the fact-witness deponents, other than Hughes' and Johnson's vague response. Plaintiff asserts that the policies regarding video creation, destruction, and retention are entirely dictated on an ad hoc basis by Claims Management Incorporated, Wal-Mart's self-insurance counterpart. Further, Plaintiff asserts that questions regarding these policies and determinations of "relevancy" of any given video are discoverable and not duplicative.

The Court agrees with Plaintiff. Neither Hughes or Johnson actually knew what the video creation, destruction, or retention policies were. For example, similar to Hughes' testimony described above, Johnson testified that although he was familiar with the policies, he could not recite them and did not know who was responsible for formulating them. (Docket # 22-3, Johnson Dep. Tr., 12:15-13:4). Further, Johnson testified that he couldn't recall Wal-Mart's policy for preserving video footage after an injury at the time of Ms. Hollis' incident. (Docket # 22-3,

Johnson Dep. Tr., 14:1-3). Johnson did not know whether Wal-Mart kept video footage of the person injured as they entered or exited the store. (*Id*. at 15:1-12). Moreover, Johnson did not know how long Wal-Mart kept video footage in the normal course of events with no injury, or theft occurring, or any other notable incidents. (*Id*. at 17:17-21).

Wal-Mart does not dispute that its fact witnesses indicated that they were unaware of who formulated the video retention policies or who was responsible for instructing employees on those policies. Although the fact witness depositions may provide an adequate basis to develop a working understanding about Wal-Mart's broader policy of only keeping video footage for thirty days after an incident, deposing a Rule 30(b)(6) witness will provide Plaintiff with the ability to tailor probing questions in response to the fact witness' answers to previous questions. *See Schall v. Suzuki Motor of Am., Inc.*, 2017 WL 4050319, at *7. Moreover, Rule 26(b)(2)(C)(ii) does not provide Wal-Mart relief here because Wal-Mart's fact witnesses were only speaking as corporate employees and were not obligated to gain knowledge that is available to Wal-Mart regarding its policies on video creation, destruction, and retention. Plaintiff is entitled to testimony from a Rule 30(b)(6) witness who is educated about this material and speaks on behalf of Wal-Mart. *See Schall v. Suzuki Motor of Am., Inc.*, 2017 WL 4050319, at *3 (W.D. Ky. Sep. 13, 2017). Therefore, Wal-Mart's request to quash Area of Inquiry No. 8 is DENIED.

### *Document Requests*

Plaintiff also requests that the 30(b)(6) deponent produce any document reasonably foreseeably required to answer any of the deposition topics. (Docket # 22-1, Notice of Rule 30(b)(6) Deposition). Wal-Mart objects to this request and states that the only documents responsive to this request have already been provided and produced to Plaintiff, which include: the video of the incident (Docket # 22-2), the Customer Incident Report (Docket # 22-5), and the

Incident Report keyed into the Wal-Mart Reporting System (Docket # 22-6). Plaintiff responds that if Wal-Mart possesses any other video footage of Ms. Hollis at any time, in any store, that would also be relevant, then it should be produced.

Faced with a Rule 45 motion to quash a subpoena duces tecum, a party seeking the production of documents must make a showing of good cause to justify a need for the production of those documents sought. *Bariteau v. Krane*, 206 F.R.D. 129, 130 (W.D. Ky. 2001) (citing *Jack Loeks Enterprises, Inc. v. W.S. Butterfield Theatres, Inc.*, 20 F.R.D. 303, 307 (E.D. Mich. 1957)). If the documents sought by the subpoena are "relevant and are sought for good cause," then the subpoena should be enforced "unless the documents are privileged or the subpoenas are unreasonable, oppressive, annoying, or embarrassing." *Id.* (quoting *Covey Oil Co. v. Continental Oil Co.*, 340 F.2d 993, 997 (10th Cir. 1965)).

Wal-Mart's Motion to Quash on this issue is granted in part and denied in part because Wal-Mart only objects to the document request by asserting that it already produced all of the responsive items, and Plaintiff acknowledges that may be the case.[3] Accordingly, to the extent that Plaintiff seeks the production of items already produced, such request is denied. However, if Wal-Mart has any other responsive items, then those shall be produced.

### *Staying Discovery*

Wal-Mart argues that discovery should be stayed, and Wal-Mart should be allowed to file a Motion for Summary Judgment. Wal-Mart relies on *Gettings v. Building Laborers Local*, 349 F.3d 200 (6th Cir. 2003), for the proposition that the Court should quash Plaintiff's 30(b)(6) deposition notice and stay discovery until the motion for summary judgment is ruled upon, because, according to Wal-Mart, Plaintiff's only available evidence is a video showing an

---

[3] Wal-Mart does not dispute that the request is not relevant.

11

idiopathic fall several steps after passing over mats and testimony of Wal-Mart employees that there were no hazards in the area where Plaintiff fell. Wal-Mart argues that the areas of inquiry listed by Plaintiff for a 30(b)(6) deposition could not lead to the discovery of admissible evidence on the issue.

It is well established that the scope of discovery is within the sound discretion of the trial court. *Chrysler Corp. v. Fedders Corp.*. 643 F.2d 1229, 1240 (6th Cir. 1981) (citing *H. K. Porter Co., Inc. v. Goodyear Tire and Rubber Co.*, 536 F.2d 1115 (6th Cir. 1976)). This includes whether discovery should be stayed pending the resolution of a dispositive motion. *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999); *Ohio Bell Tel. Co. v. Global NAPs Ohio, Inc.*, 2008 WL 641252, at *1 (S.D. Ohio Mar. 4, 2008) (citing *Chrysler Corp.*, 643 F.2d at 1229). Generally, the mere filing of a dispositive motion is insufficient to support a stay of discovery. *Baker v. Swift Pork Co.*, 2015 WL 6964702, at *1 (W.D. Ky. 2015 Nov. 10, 2015); *Boddie v. PNC Bank, NA*, 2012 WL 4088683, at *2 (S.D. Ohio Sept. 17, 2012) (citing *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990)). Courts in this district have ordered stays on discovery where "claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery,' or where 'discovery would be futile' if the motion to dismiss is granted." *Kentucky v. Marathon Petro. Co. LP*, No. 3:15-CV-354-DJH, 2018 WL 3130945, at *8 (W.D. Ky. June 26, 2018) (quoting *Lani v. Schiller Kessler & Gomez, PLLC*, 2017 WL 3092098, at *2 (W.D. Ky. Apr. 4, 2017) (citations omitted)). Wal-Mart's request to stay discovery until ruling on a motion for summary judgment is denied. Wal-Mart has only asserted its intention of filing a motion for summary judgment but has not actually filed one with the Court. Wal-Mart may file a motion for summary judgment at any time between now and the dispositive motion deadline. However, this Court has broad discretion in denying Wal-Mart's request because Wal-Mart has failed to show that either the "claims may

be dismissed on 'based on legal determinations that could not have been altered by any further discovery," or "where discovery would be futile." *Kentucky v. Marathon Petro. Co. LP*, 2018 WL 3130945, at *8. For these reasons, Wal-Mart's request is DENIED.

## Conclusion

IT IS HEREBY ORDERED that Wal-Mart's Motion to Quash Federal Rule of Civil Procedure Deposition Notice or to Stay Discovery is granted in part and denied in part. (Docket # 22). The parties shall complete the 30(b)(6) deposition within sixty days from the entry of this Order.

Lanny King, Magistrate Judge
United States District Court

c: Counsel

October 17, 2018