UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:18-CV-00034-GNS-LLK

HOBART WHITE
*as Administrator of the Estate of*
*Cladie Hollis, Deceased*                                                                         PLAINTIFF

v.

WAL-MART STORES EAST, L.P.                          DEFENDANT

**OPINION AND ORDER**

This matter is before the Court on the motion of the Plaintiff's attorney to withdraw as counsel (Docket #38). The Defendant has responded in opposition (Docket #39) and the Plaintiff's attorney has replied. (Docket #41). For the reasons discussed below, the Motion is **DENIED.**

The Plaintiff's attorney moves to withdraw as counsel because he cannot locate the Plaintiff, and he needs an affidavit from the Plaintiff to respond to the Defendant's pending motion for summary judgment. The Defendant claims that the Plaintiff's attorney has failed to show a compelling reason to withdraw, and that a compelling reason is necessary under Local Rule 83.6.

Local Rule 83.6 requires a compelling reason to support a motion to withdraw if the motion is filed within 21 days of a trial or a hearing on a motion for judgment or dismissal. It is not clear whether the compelling reason requirement applies to this case where the motion for summary judgment has been filed but no hearing on the motion has been scheduled. However, the Court need not address this issue because the motion should be denied regardless of whether the compelling reason standard is used.

1

If the motion is not made within 21 days of trial or a hearing on a motion for judgment or dismissal, LR 83.6(b) allows an attorney to withdraw only if the attorney certifies that the motion was served on the client, shows good cause, and the Court consents. Brandon v. Blech, 560 F.3d 536, 538 (6th Cir. 2009). If the movant meets the rules requirements, the opposing party must show severe prejudice to overcome the motion. Id. at 538. In the current motion, the Plaintiff's attorney has not made a showing of good cause or met the notice requirement.

This Court has previously found that "a complete breakdown in communication between attorney and client … constitutes 'other good cause for withdrawal' as contemplated by Model Rule 1.16(b)(6)." Wiggins v. Daymar Colleges Group, LLC, 2015 WL 9480472 (W.D. Ky. December 29, 2015) (citing Fischer v. Biman Bangladesh Airlines, 1997 WL 411446 (S.D.N.Y. 1997) (collecting authorities)). Counsel who has demonstrated that their client is un-locatable has demonstrated an adequate basis for good cause to withdraw. Id.

While the notice requirement of LR 83.6(b) literally cannot be satisfied if an individual cannot be located, a movant must at least show that reasonable efforts to give notice have been undertaken. In Wiggins, counsel seeking to withdraw made multiple attempts to locate and contact their clients, including priority mail packages to last known addresses, repeated letters "urging the importance of being able to 'contact you quickly [to] receive any benefits from a settlement'", repeated emails to last known addresses, phone calls to last known numbers, hiring of expert locators, searching of public records, investigations of social media, and even door-to-door searches. Id. at *1.

In the current case, the Plaintiff's attorney has not shown that the Plaintiff cannot be located, indicating only "numerous attempts to communicate via telephone," and that from the

time of initial intake, the Plaintiff did not have a mailing address. (Docket #41). Therefore, the Plaintiff has failed to meet both the good cause and notice requirements of LR 83.6(b)

   **IT IS THEREFORE ORDERED** that the Plaintiff's Motion to Withdraw as Counsel is **DENIED** without prejudice.

C: Counsel

                 **Lanny King, Magistrate Judge**
                 **United States District Court**

                    February 5, 2019