UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:18-CV-00034-GNS-LKK

HOBART WHITE,
Administrator of the Estate
of Cladie Hollis                                                                                    PLAINTIFF

v.

WAL-MART STORES
EAST, L.P.                                                                                          DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's unopposed Motion for Summary Judgment (DN 32). For the reasons provided below, Defendant's motion is **GRANTED**.

### I.       BACKGROUND

This is a premises liability action brought by Plaintiff Hobart White ("Plaintiff") to recover damages for injuries sustained as the result of a slip-and-fall by Decedent Cladie Hollis ("Decedent") while in Defendant's store in McCracken County, Kentucky, on September 1, 2016. (Compl. ¶¶ 4-9, DN 1-2). Plaintiff alleges Decedent tripped over an upturned rug and that Defendant and its agents were negligent by failing to keep the premises in a clean and safe condition. (Compl. ¶¶ 5, 8). Decedent died of unrelated drug intoxication on March 16, 2017. (Def.'s Mot. Summ J. Ex. 2, ¶ 9, DN 32-2). Plaintiff, as Administrator of the Estate, filed the present action in McCracken Circuit Court on November 27, 2017. (Compl. 1) On March 2, 2018, Defendant removed the matter to this Court pursuant to 28 U.S.C. § 1441(a). (Notice Removal ¶ 1, DN 1).

Discovery produced a store video recording of the accident showing Decedent turn from an aisle onto two mats in front of an ice machine. (Def.'s Mot. Summ. J. Ex. 2, at 59:51-59, DN 32-2 [hereinafter Video]). While walking across the two mats, Decedent can be seen raising her hand to the side of her head. (Video 59:56-58). After taking three or four steps off the second rug onto the tiled floor, Decedent collapses. (Video 59:59-1:00:02). The video does not depict an upturned rug, any foreign substances, or any other dangerous conditions on the floor. The video shows that Decedent remained on the floor while she was attended to by customers and Wal-Mart staff before emergency medical services arrived and transported her from the store on a gurney at 11:32 a.m. (Video 1:00:02-1:18:06).

In its motion, Defendant contends Plaintiff has failed to present evidence necessary to support her claim. Specifically, Defendant provides "[t]here is no genuine issue as to the material fact that the [P]laintiff can produce no evidence that [Decedent] encountered a foreign substance or other dangerous condition on [Defendant's] premises that caused her fall." (Def.'s Mem. Supp. Mot. Summ. J. 6, DN 32-1 [hereinafter Def.'s Mot.]). Moreover, [t]here is no evidence the [D]efendant's premises were not in a reasonably safe condition for the use of business invitees. . . ." (Def.'s Mot. 6).

## II. **JURISDICTION**

The Court has jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, as is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a)(1).

## III. **STANDARD OF REVIEW**

In ruling on a motion for summary judgment, the Court must determine whether there is any genuine issue of material fact that would preclude entry of judgment for the moving party as

a matter of law. *See* Fed. R. Civ. P. 56(a). The moving party bears the initial burden of stating the basis for the motion and identifying evidence in the record that demonstrates an absence of a genuine dispute of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If the moving party satisfies its burden, the non-moving party must then produce specific evidence proving the existence of a genuine dispute of fact for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

While the Court must view the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show the existence of some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citation omitted). Rather, the non-moving party must present specific facts proving that a genuine factual dispute exists by "citing to particular parts of the materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute. . . ." Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient" to overcome summary judgment. *Anderson*, 477 U.S. at 252.

### IV.  **DISCUSSION**

Since 2003, Kentucky courts have applied a burden shifting analysis to slip and fall claims. *Martin v. Mekanhart Corp.*, 113 S.W.3d 95, 98 (Ky. 2003). Under this approach, an invitee may avoid summary judgment if:

> (1) he or she had an encounter with a foreign substance or other dangerous condition on the business premises; (2) the encounter was a substantial factor in causing the accident and the customer's injuries; and (3) by reason of the presence of the substance or condition, the business premises were not in a reasonably safe condition for the use of business invitees.

*Id*. (citing *Lanier v. Wal-Mart Stores, Inc.*, 99 S.W.3d 431, 435-36 (Ky. 2003)). If the invitee demonstrates these elements, the burden shifts to the proprietor to show it was not negligent. *Id*.

In the present case, Plaintiff has failed to produce evidence that Decedent encountered a foreign substance or other dangerous condition on Defendant's premises that caused her to fall. There is also no evidence that Defendant's premises were not in a reasonably safe condition for invitees. As Defendant points out, "[a]ll the records reflects is an idiopathic fall by [Decedent], a fall with an unknown cause." (Def.'s Mot. 6).

In *Lanier*, the Kentucky Supreme Court recognized that a proprietor is not "an insurer against all accidents on the premises." *Lanier*, 99 S.W.3d at 437 (quoting *Safeway Stores, Inc. v. Smith*, 658 P.2d 255, 258 (Colo. 1983)). Instead, "[t]he proprietor is guilty of negligence only if he fails to use reasonable care under the circumstances to discover the foreseeable dangerous condition and to correct it or warn customers of its existence." *Id*. (quoting *Smith*, 658 P.2d at 258).

Plaintiff has failed to produce evidence that Decedent encountered a foreign substance or other dangerous condition on Defendant's premises. Therefore, under Kentucky's slip-and-fall analysis, Plaintiff has failed to produce evidence shifting the burden to Defendant to prove the absence of negligence. *Martin*, 113 S.W.3d at 98 (citation omitted). Accordingly, Defendant's motion is granted.[1]

---

[1] In addition to Defendant's motion for summary judgment, now pending on the Court's docket is Plaintiff's Second Motion to Withdraw as Counsel. (DN 47). Although the Court would be inclined to grant the motion because Plaintiff has failed to assist counsel in responding to Defendant's present motion to dismiss, the Court will instead dismiss the motion to withdraw as moot in light of its decision to dismiss Plaintiff's Complaint.

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. Defendant's Motion for Summary Judgment (DN 32) is **GRANTED**, and the Complaint is **DISMISSED WITH PREJUDICE**.

2. Plaintiff's Second Motion to Withdraw (DN 47) is **DISMISSED AS MOOT**.

Greg N. Stivers, Chief Judge
United States District Court

May 9, 2019

cc: counsel of record